**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-41-JBC**

**ERAS, LLC,**                                                                      **PLAINTIFF,**

**V.**                               **MEMORANDUM OPINION AND ORDER**

**KIM SHEA,**                                                                       **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's motion to remand (DE 4).

The court, having reviewed the record and being otherwise sufficiently advised, will

deny the plaintiff's motion.

**I.  Background**

The defendant, Kim Shea, was formerly employed by the plaintiff, ERAS, LLC

("ERAS"), as a senior retirement plan coordinator.  In connection with her

employment, she executed an Employment Agreement.  Her employment ended on

September 18, 2007, and she began working with Desmond & Ahern, Ltd., in

Chicago, Illinois.  The plaintiff alleges that the defendant breached her Employment

Agreement by directly or indirectly rendering competitive services to ERAS

customers while at Desmond & Ahern, in violation of her contractual obligations to

the plaintiff.  The plaintiff asserts breach of contract and intentional interference

with existing business relationships claims.  The suit was initially filed in Fayette

Circuit Court, but the defendant, alleging diversity jurisdiction under 28 U.S.C.

1

§1332, removed the case to this court (DE 1).

## II. Standard of Review

Removal of an action to federal court from state court is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  Pursuant to 28 U.S.C. § 1332(a), federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."  If a court determines that it would not have had original subject matter jurisdiction over the case, it must remand the case to state court.  *See* 28 U.S.C. § 1447.  Because federal district courts are courts of limited jurisdiction, "in federal district courts the absence of jurisdiction is generally presumed unless the party invoking federal jurisdiction clearly demonstrates that it exists."  *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996); *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (removal statutes are strictly construed).  As the removing party, the defendant has the burden of establishing diversity jurisdiction.  *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006).

## III. Analysis

### A. Diversity of Citizenship

The plaintiff argues that the defendant failed to adequately allege citizenship in her notice of removal by stating only that she is a "resident" of Illinois, rather

than that she is a "citizen" of Illinois.  *See Stifel v. Hopkins,* 477 F.2d 1116, 1120 (6th Cir. 1973) ("citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence").  Complete diversity exists when the party on one side of the litigation is of a different citizenship from the party on the other side of the litigation at the commencement of the action.  *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir. 1999).  "State citizenship for the purpose of the diversity requirement is equated with domicile."  *Von Duser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir. 1990).  To establish a domicile, an individual must: (1) be physically present in the state, and (2) intend to remain there indefinitely, or have the absence of any intention to go elsewhere.  *Stifel,* 477 F.2d at 1120.

The plaintiff is a Kentucky limited liability company with its principal place of business in Lexington, Kentucky.  Pl's Complaint ¶1. The defendant resided in Illinois at the time the plaintiff filed its complaint.  In fact, the complaint was delivered by the Kentucky Secretary of State to the defendant at Desmond & Ahern, Ltd., in Chicago, Illinois.  *Id.*  In her notice of removal, the defendant states she is a resident of Chicago, Illinois, and that she and the defendant are not "citizens of the same state."  DE 1 ¶4, 5.  In addition to the complaint and the notice of removal indicating diversity of citizenship, the defendant submitted an affidavit with her response to the plaintiff's motion to remand.  This affidavit establishes that the defendant moved her family to Chicago, Illinois, on September 22, 2007, before the plaintiff sued her in state court in December 2007.  DE 8

3

Shea Affidavit ¶ 2.  The defendant has entered into a residential lease in Chicago, Illinois, and works there.  *Id.* at ¶2, 3.  She has registered to vote, registered her vehicle, opened a bank account, and enrolled her child in a school in the state of Illinois.  *Id.* at ¶4, 5, 6.  The court is satisfied that the defendant has established a domicile in Illinois.  *See Combs v. T.J. Samson Cmty. Hosp.,* 2006 WL 1895460 ("In determining one's domicile, courts examine a number of factors, including, but not limited to, voting registration, location of real and personal property, location of bank accounts . . . automobile registration, and representation of one's address."). Therefore, the "complete diversity" requirement is met, as the sole plaintiff is a citizen of Kentucky and the sole defendant is a citizen of Illinois.

   *B. Jurisdictional Amount*

   The defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  "The amount in controversy is determined by the allegations in the complaint.  If the complaint is not dispositive, a court looks to the allegations in the notice of removal.  The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by the statute."  *Suwala v. Progressive Ins. Co.,* 2005 WL 2076490 (E.D.Ky 2005)(citing *National Nail Corp. v. Moore,* 139 F. Supp. 2d. 848 (W.D. Mich. 2001).

   The instant complaint does not determine the amount in controversy because

4

the Commonwealth of Kentucky "has enacted a law that prohibits the plaintiff from making a specific monetary demand, over and above the state's minimal amount in controversy." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 777 (W.D. Ky. 2002). Thus the court turns to the notice of removal.

The defendant's notice of removal specifically mentions both the contract and tort claims in support of her belief that the claims exceed $75,000.[1] Included with the notice of removal was the plaintiff's complaint, which requests a variety of damages, including, but not limited to, damages "sustained in consequence of [the defendant's] breach of her Employment Agreement, and interference with business relationships and to account for all gains, profits and advantages derived by [the defendant] and through her wrongful conduct;" liquidated damages, punitive damages, and attorney's fees. DE 1 Pl's Complaint. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Hayes,* 266 F.3d at 572. The plaintiff has brought a claim for intentional interference with existing business relationships. Specifically, the plaintiff alleges

---

[1]Specifically, the defendant states that the plaintiff's "claims relate to the alleged violations of an Employment Agreement" and that the plaintiff alleges the defendant "has taken some of [the plaintiff's] customers to her new employment, and is profiting from the business with those customers." DE 1. The defendant also states the plaintiff "demands damages sustained 'in consequence of Shea's breach of her Employment Agreement and interference with business relationships,' and for 'damages, including liquidated damages, to ERAS in an amount greater than [the Circuit Court's] jurisdictional amount'" and notes if the plaintiff is "successful in this action on all of its claims, its damages (net of interest and costs) would exceed $75,000." *Id.*

that the defendant

> intentionally interfered with [the plaintiff's] business and contractual
> relationships with its customers by wrongfully and tortiously soliciting,
> diverting and inducing those customers to move all or part of their
> business to [the defendant] and/or her new employers. . . [and such]
> interference is wrongful and without legal justification or privilege in
> that it has been accomplished by her violation of her contractual
> obligations to [the plaintiff].

Pl's Complaint ¶24, 25.  If the plaintiff prevails on this claim and proves the

defendant's actions were malicious, the plaintiff could recover punitive damages.

*See Cintas Corp. v. Sitex Corp.,* 2007 WL 3226984 (Ky. App. 2007)(affirming

punitive damages award arising from intentional-interference-with-contract claim,

finding there was sufficient evidence to infer that the defendant intentionally

sought to increase its customer base to the detriment of the plaintiff by

undermining the plaintiff's contract with its customer).

    The plaintiff submitted an affidavit specifying that at the time the action was

filed, the payments due to ERAS under the Employment Agreement for clients

known to have transferred their business from ERAS to the defendant totaled

$44,480, exclusive of interest.[2]  DE 4.  The court finds that this estimate of

damages exceeds the jurisdictional minimum when it is combined with a

conservative 1:1 ratio of punitive damages.  *See, e.g.*, *Hollon v. Consumer*

*Plumbing Recovery Center*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) (citing *State*

---

    [2] In response to the defendant's amount-in-controversy allegations, the
plaintiff has stated that it cannot agree to a stipulation that damages do not exceed
$75,000 because it does not know with certainty the number of clients for whom
the defendant is performing services on behalf of her new employer.

*Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), and finding that "the amount in controversy is met easily by combining the plaintiff's assessment of actual damages . . . with a conservative 1-1 ratio of punitive damages, and attorneys fees in an amount of thirty percent"). Therefore, the defendant has easily exceeded the "more likely than not" standard required to preserve removal.

Additionally, the plaintiff seeks attorneys' fees, which at the time of removal amounted to $5,000. DE 4. Attorneys' fees are considered for purposes of calculating the amount in controversy when such fees are provided for by contract. *Williamson v. Aetna Life Ins. Co.*, 481 F. 3d 369, 376 (6th Cir. 2007). The contract attached to the plaintiff's complaint provides that an "Employee [defendant] shall pay to Employer [plaintiff] any attorney's fees incurred by Employer to enforce the remedies it is entitled to pursue under this paragraph and at law." DE 1 Pl's Complaint Exhibit A. When the additional claim for interference with existing business relationships, punitive damages and attorney's fees are considered with the $44,480 contract claim, the amount-in-controversy issue in this case is beyond reasonable dispute. The court finds that the defendant has met her burden of showing that the amount in controversy was more likely than not above $75,000 at the time of removal.

**IV. Conclusion**

Removal based on diversity jurisdiction was proper and the court will not remand the action to state court. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand (DE 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall conduct a Rule 26 meeting and file a report within 30 days of this order, in accordance with the court's February 5, 2008, order for meeting and report (DE 3).

Signed on  June 23, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY